Voto de conformidad emitido por el
Juez Presidente Señor Hernández Denton,
al cual se unen los Jueces Asociados Señor Martínez Torres y Señor Estrella Martínez.
En un acto de avanzada, el 19 de abril de 2013 este Tribunal enmendó el Canon 15 de Ética Judicial, 4 LPRA Ap. IV-B, para “acercar cada vez más nuestro sistema de justicia a los más altos valores y niveles de transparencia, de fomentar la confianza del pueblo en su Judicatura y de garantizar el acceso de la ciudadanía [...]”. In re C. 15; Regl. Uso Cámaras Proc. Jud., 188 DPR 424, 425 (2013). A raíz de ese proceso, el nuevo Canon 15, supra, permite que se tomen “fotografías o video en el salón del tribunal durante la celebración de sesiones judiciales o recesos y radiodifundir o televisar los procedimientos judiciales, solamente según lo autorice el Tribunal Supremo mediante una orden, regla o norma”. (Énfasis suplido). Id., pág. 426.
Hoy está ante nuestra consideración una petición pre-sentada por la Asociación de Periodistas de Puerto Rico, el Taller de Fotoperiodismo, la Asociación de Fotoperiodistas de Puerto Rico y el Overseas Press Club para que se les autorice la grabación y transmisión de la vista de sentencia del caso Pueblo v. Malavé Zayas pautada para el 4 de diciembre de 2013 en el Centro Judicial de Caguas. Los *772 gremios periodísticos argumentan que la transmisión no viciará el proceso judicial, pues un Jurado ya emitió un veredicto y la vista es de carácter procesal. Nos invitan a extender “de forma circunspecta y a manera de ensayo, la operación del plan experimental en el contexto de los pro-cesos penales”. Por último, señalan que se comprometen a adherirse estrictamente al Reglamento del Programa Experimental para el Uso de Cámaras Fotográficas y Equipo Audiovisual de Difusión por los Medios de Comunicación en los Procesos Judiciales (Programa Experimental).
Desde la aprobación del nuevo Canon 15, supra, solo hemos permitido la toma de fotografías o video en las sesiones judiciales en las Salas Especializadas de Recursos Extraordinarios del Centro Judicial de San Juan mediante el Programa Experimental, el cual fue aprobado simultáneamente a la enmienda del canon. Hasta ahora, aunque falta por concluir el año para evaluar los resultados, el programa experimental ha tenido una excelente aceptación por parte de la prensa y de los dos jueces encargados de las Salas de Recursos Extraordinarios. Esto últimos han podido manejar con mucha efectividad los procesos, man-teniendo el decoro y la dignidad del Tribunal. Además, los procesos judiciales han podido fluir con naturalidad. En efecto, los medios tecnológicos recientes permiten divulgar los procedimientos sin interrupciones mayores. En este sentido, hemos recibido una evaluación positiva del proyecto.(1) De hecho, ha sobrepasado las expectativas de los diferentes sujetos involucrados.
Entendemos que el éxito que ha tenido el proyecto experimental se debe en gran parte a que la prensa ha sido muy cautelosa con la transmisión y se ha ajustado a las reglas *773 que le impusimos mediante el Reglamento del Programa Experimental. Para los gremios periodísticos ha sido un reto y una mayor responsabilidad. Además, ha requerido su ac-tiva colaboración. De hecho, podemos afirmar que los me-dios de comunicación han contribuido a su implementación.
Ahora, estamos ante una petición de la prensa que nos invita a abrir la transmisión a un procedimiento criminal que se encuentra en la etapa de sentencia. A esos efectos, debemos ponderar el derecho a un juicio justo con el dere-cho a la libertad de prensa. Consideramos que esta solici-tud nos brinda una excelente oportunidad para, a modo excepcional y experimental, evaluar los efectos de la trans-misión de los procesos penales en las etapas posteriores a la emisión de un fallo o veredicto. Por esa razón, estamos conformes con conceder la solicitud en este caso. De esta forma, continuamos el camino de apertura y accesibilidad de la transmisión de los procesos judiciales.
Claro está, al acceder a lo solicitado, consideramos cui-dadosamente que este caso se encuentra en la etapa de vista de sentencia donde un Jurado deliberó y adjudicó la responsabilidad penal del acusado. O sea, no estamos ante una petición para transmitir el juicio o la vista preliminar, las cuales son etapas más sensitivas del proceso criminal. En este sentido, entendemos que mediante la transmisión de dicha vista el acusado no sufrirá un perjuicio y no existe un riesgo de que se afecte la administración de la justicia. Al contrario, sostenemos que se abona a la fiscalización de nuestro sistema al permitir que el proceso de dictar sen-tencia se divulgue al público de la manera más transpa-rente posible.
El nuevo Canon 15, supra, y el Programa Experimental son dos herramientas que nos permiten continuar dise-ñando la política institucional de la Rama Judicial sobre el uso de cámaras fotográficas y equipo audiovisual en los tribunales. Véase In re C. 15; Regl. Uso Cámaras Proc. Jud., supra, voto de conformidad emitido por el Juez Presidente *774 Señor Hernández Denton. Con esta petición, evidenciamos que hemos dado un gran paso en ese camino hacia un sis-tema de justicia más transparente y accesible a todos. De ahora en adelante, este Tribunal deberá velar por darle vida al nuevo Canon 15, supra, mediante las concesiones que se soliciten, haciendo un balance caso a caso, con un gran sen-tido de justicia y garantizando los derechos constitucionales de las partes.

 El 11 de octubre de 2013 se celebró el seminario “Tensiones y torsiones en la comunicación judicial- — ética judicial y medios de comunicación”, en el cual partici-paron la jueza Giselle Romero García, el juez Ángel Pagán Ocasio, jueces asignados a las Salas de Recursos Extraordinarios, y el Ledo. Walter Soto León, quien es abogado y periodista. En la actividad, estos compartieron sus impresiones positivas sobre el inicio y desarrollo del Programa Experimental.